UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALTHEA ALLEN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      vs. | ) Cause No. 1:15-cv-636-WTL-MJD |
| | ) |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) |
| | ) |
|    Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Althea Allen requests judicial review of the final decision of Defendant Carolyn Colvin, Commissioner of the Social Security Administration ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB") and Supplemental Insurance Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court rules as follows.

## I. PROCEDURAL HISTORY

Allen filed her application for DIB and SSI in December 2011, alleging disability beginning on February 28, 2009. Her application was denied initially and upon reconsideration, whereupon she requested and was granted a hearing before an administrative law judge ("ALJ"). Allen was represented by counsel at a hearing, which was held on August 13, 2013, before ALJ Ronald Jordan. Allen and a vocational expert testified at the hearing. Thereafter, on November 22, 2013, the ALJ rendered his decision in which he concluded that Allen was not disabled as defined by the Act. The Appeals Council denied Allen's request for review of the ALJ's decision, and Allen filed this action for judicial review.

## II. EVIDENCE OF RECORD

The relevant evidence of record is aptly set forth in the Plaintiff's brief and the ALJ's decision and need not be repeated here.

## III. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20

---

[1] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. This Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into he reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

## IV. THE ALJ'S DECISION

The ALJ found at step one that Allen had not engaged in substantial gainful activity since her alleged onset date of February 28, 2009. At steps two and three, the ALJ found that Allen had the severe impairments of bilateral hip osteoarthritis, status/post right hip arthroplasty, moderate obesity, and moderate right shoulder degenerative joint disease, but that her impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ concluded that Allen had

> the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). She can lift, carry, push or pull ten pounds occasionally and ten pounds frequently. She can stand and walk for two hours out of eight hours at intervals of ten minutes with the assistance of a cane and sit for

3

> eight hours with usual and customary breaks. She should avoid postural activities, but can bend at the waist sufficient to perform work at a desk, bench or table. She should not ambulate on wet or uneven surfaces or work around hazards such as unprotected heights or unguarded, dangerous moving machinery. Lastly, she should not perform overhead work with her right arm.

Record at 16. Given this residual functional capacity ("RFC"), the ALJ determined that Allen was unable to perform any of her past relevant work. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Allen could perform, including data entry clerk, telephone operator, and receptionist. Accordingly, the ALJ concluded that Allen was not disabled as defined by the Act.

## V. DISCUSSION

Allen argues that the ALJ erred in several respects. Each of her arguments is addressed, in turn, below.

### A. Listing 1.02 Analysis

The ALJ rejected Allen's assertion that "the combination of [Allen's] hip arthritis and shoulder impairment may equal medical listing 1.02." *Id.* Listing 1.02 is the listing for major dysfunction of a joint due to any cause, which is

> [c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With: A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
> or B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

4

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02.[2] In turn, Listing 1.00B2b(1) defines "inability to ambulate effectively" as

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B2b(1). The ALJ concluded as follows with regard to Listing 1.02:

> [a]lthough the assistance of a medical expert is required in order to make an "equals" determination, the ultimate decision on this issue is made by the adjudicator. I acknowledge that the claimant has a severe right shoulder impairment which limits [Allen's] range of motion. However, the evidence does not suggest that [Allen] would be incapable of using her arm for any fine or gross movements while walking. Further, the nature of sedentary work is that the vast majority or all of the work is performed while seated. Accordingly, I do not find that the combination of [Allen's] impairments equals a medical listing.

R. 16. Allen argues that the ALJ's determination regarding whether Allen's conditions equaled a listing is inadequate. The Court agrees.

Allen argues that the combination of her right shoulder problem and her left hip problem medically equals Listing 1.02A. Allen asserts that the pain in her right shoulder limits the functioning of her right upper extremity, and the pain in her left hip forces her to hold a cane in her left hand while walking.[3] Therefore, the combination of her conditions effectively limits the

---

[2] In addition, Allen argues that the ALJ improperly characterized Listing 1.02 as a conjunctive test that required Allen to prove parts A *and* B to satisfy the listing. The Court does not read the ALJ's opinion in this manner, and nowhere in the ALJ's decision is Listing 1.02 classified this way. Instead, the ALJ's analysis indicates that the combination of Allen's conditions failed to satisfy either part A *or* B. *See* R. 16.

[3] Allen testified that she can only hold her cane in her right hand for a few minutes due to the pain in her right shoulder.

5

functioning of both upper extremities. As a result, Allen argues that she has the "inability to ambulate effectively" as defined in Listing 1.00B2b(1).

> Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue. *See* 20 C.F.R. § 404.1526(b) ("Medical equivalence must be based on medical findings. . . . We will also consider the medical opinion given by one or more medical or psychological consultants designated by the Commissioner in deciding medical equivalence."); S.S.R. 96–6P at 3 ("[L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight."), *reinstating* S.S.R. 83–19 (additional citation omitted).

*Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004). In this case, the ALJ failed to seek expert opinion as to whether the evidence regarding Allen's shoulder injury could demonstrate a finding of medical equivalency. *See Minnick v. Colvin*, 775 F.3d 929, 935-36 (7th Cir. 2015) (remanding an ALJ's decision because it failed to consider relevant evidence and never sought an expert's opinion as to whether the evidence supported a finding of equivalency).

On June 2, 2012, a state-agency physician reviewed Allen's medical record and determined that Allen could complete light work with some exertional limitations. However, according to the record, Allen first consulted a physician regarding her right shoulder pain in October 2012. At that appointment, an X-ray showed evidence of a previous rotator cuff injury with thinning or atrophy. On November 7, 2012, images taken at IU Health Methodist Hospital demonstrated that Allen had moderately severe infraspinatus tendinopathy and mild acromioclavicular joint degenerative change without undersurface osteophyte. Subsequently, on March 5, 2013, examination revealed that Allen had torn her right rotator cuff on February 1, 2013. Therefore, while a state-agency physician reviewed Allen's medical record in June 2012, the aforementioned medical examinations concerning Allen's shoulder pain all occurred after this review. Accordingly, remand is required to allow the ALJ to obtain an updated medical

opinion on the issue of whether Allen's conditions meet or equal Listing 1.02 and to reevaluate his Step 3 determination based on that opinion.

### B. RFC Determination

Allen argues that the ALJ's credibility determination is inadequate. The Court agrees. "In determining credibility an ALJ must consider several factors, including the claimant's daily activities, his level of pain or symptoms, aggravating factors, medication, treatment, and limitations," *see* 20 C.F.R. § 404.1529(c), *and* S.S.R. 96-7p, and justify the finding with specific reasons. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). The regulations further provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 404.1529(c)(2). Additionally, because the ALJ evaluates credibility by questioning and observing a live witness, not simply a cold record, an ALJ's credibility determination is reviewed deferentially and should be overturned only if it is "patently wrong." *See Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). However, "[t]he determination of credibility must contain specific reasons for the credibility finding" and "must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Id.* (citing *Arnold v. Barnhart*, 473 F.3d 816, 822 (7th Cir. 2007)).

During Allen's testimony on August 13, 2013, Allen testified that her daily activities are limited by the pain in her upper right extremity. Allen stated that she experiences this pain when she holds her cane in her right hand, reaches up for items, or performs activities such as doing her daughter's hair. The ALJ discounted Allen's testimony, stating as follows:

> [f]irst, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are

7

>truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision.

R. 18-19. The ALJ's reasoning contains several flaws. First, a plaintiff's testimony concerning his or her conditions and limitations is inherently subjective. Therefore, dismissing a self-report merely for its subjective nature defeats the purpose of making the inquiry. *See Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) ("Whatever uncertainty may exist around such self-reports is not by itself reason to discount them—otherwise, why ask in the first place?"). As a result, the ALJ's first statement constitutes an unreasonable basis for his credibility determination.

This leaves only the ALJ's opinion that there is "relatively weak medical evidence" to support Allen's claim of disabling pain. This is not a sufficient reason to find the plaintiff not credible. *Hill v. Colvin*, 807 F.3d 862, 869 (7th Cir. 2015) ("[The plaintiff] *testified* that she is more limited [than the ALJ's RFC finding], and her testimony cannot be disregarded simply because it is not corroborated by objective medical evidence." (emphasis in original) (citations omitted)).

In addition, the Court disagrees with the ALJ's characterization of the medical evidence as "relatively weak." In fact, Allen's medical record repeatedly supports her allegations of left hip and right shoulder pain. During an examination performed in December 2011, Dr. Sara noted that Allen had severe osteoarthritis in her left hip. In July 2012, Dr. Parr opined that it was reasonable for Allen to proceed with arthroplasty surgery on her left hip. Furthermore, X-rays from February 2013 indicated a "redemonstration of severe osteoarthritis." R. 346. The diagnostic tests performed on Allen's shoulder are listed in Section A. These tests span from October 2012 to February 2013 and consistently support Allen's complaints of shoulder pain.

Finally, in reaching his conclusion, the ALJ mischaracterizes important medical evidence. For example, the ALJ states that in July 2012, "Dr. Parr advised her that she most certainly would not be disabled." R. 17. Later, the ALJ notes that "[r]egarding treatment and other measures, other than medication, taken for relief of pain or other symptoms, there are none." *Id.* at 18. Elsewhere, the ALJ asserts that "although [Allen] continues with moderate osteoarthritis in the left hip, her treatment has been essentially routine and/or conservative in nature." *Id.* at 19. The ALJ's statement regarding Dr. Parr's advice is taken out of context, and upon review of Allen's medical record, it is apparent that Dr. Parr is predicting what Allen's condition will be *after* she undergoes "[left] hip replacement surgery." R. 314. In addition, the ALJ's assertions overlook the medical examinations described in the preceding paragraph which diagnose Allen with *severe* rather than moderate osteoarthritis. Furthermore, the ALJ's suggestion that Allen's treatment has consisted of medication alone ignores the fact that Allen underwent a therapeutic left hip injection in March 2013, *id.* at 342-43, as well as Allen's testimony that she would like to undergo surgery on her left hip when her family circumstances allow her to. *Id.* at 31.

"[A]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (citation omitted). In addition, the Seventh Circuit has repeatedly noted that in reaching his decision, "the ALJ must confront evidence that does not support his conclusion and explain why it was rejected." *Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2002). Because the ALJ did not give sufficient reason for discrediting Allen, this case must be remanded for further consideration of the impact of Allen's subjective symptoms on her ability to perform substantial gainful activity.

9

## VI.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 7/14/16

                                           _____
                                           Hon. William T. Lawrence, Judge
                                           United States District Court
                                           Southern District of Indiana

Copies to all counsel of record via electronic notification